PER CURIAM.
R.W., an osteopathic physician, appeals a final judgment, entered after a hearing, granting the Department of Professional Regulation’s petition to enforce a subpoena duces tecum. The judgment ordered compliance with the subpoena to produce certain patient files, and denied the physician’s request for discovery of evidence presented to the Board of Osteopaths, as well as the Board’s deliberations, where a finding was made that probable cause existed to discipline R.W. for “excessively or inappropriately” prescribing a controlled pharmaceutical product. We affirm both rulings for the following reasons.
First, although section 455.225, Florida Statutes (1989), requires prior notice to a physician of the substance of an informal complaint filed against him and notice of the commencement of an investigation based on the complaint, there is no prohibition against serving both the notice of the investigation and the substance of the complaint along with a subpoena for the physician’s medical records. The trial judge was correct in his finding that the Department’s processes satisfied the statute.
Second, chapter 455 does not provide for participation by a physician in the investigatory process — for the purpose of discovery — prior to the filing of an administrative complaint. The Department, based on its investigatory findings, may decide not to prosecute the complaint. Section 120.58(2), Florida Statutes (1989), provides that a person subject to a subpoena may, before compliance, attack the subpoena as (1) not lawfully issued, (2) unreasonably broad in scope, or (3) requiring the production of irrelevant material. However, there is no provision for a pre-issuance challenge to the subpoena. The trial court conducted the hearing provided for by section 120.-58(2), found the subpoena unreasonably broad, and tailored it to comport with the dates alleged in the complaint. The record supports the circuit court’s determination *28 that the subpoena was otherwise lawfully-issued and that the documents sought were relevant.
R.W.’s remaining challenges to the proceeding are premature.
Affirmed.